

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles S. McMillan
County Attorney, San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. O-3733
Re: Power of the County School
Trustees to appoint a trustee
where two elections have re-
sulted in tie votes, and related
questions.

We have your letter of June 23, 1941, in which you ask our opinion on certain questions relating to the White Rock Common School District of San Augustine County. We appreciate the citation of authorities and the discussion contained in your letter.

Your first question relates to the right of the County School Trustees to appoint a trustee of White Rock Common School District, under the following circumstances:

"In the White Rock Common School District of San Augustine County, Texas an election was held to elect one trustee for the next three years, the election being held at the same time as all other common school district trustee elections were held throughout the State. This election resulted in a tie; another election was held and it also resulted in a tie; the County Board of School Trustees then appointed a person to fill this office, and who has qualified."

From your letter it also appears that the trustee whose term has expired has continued to act as trustee, and that the office has not become vacant unless it was vacated by the expiration of the term of office or the fact that each of the two elections for a new trustee resulted in a tie.

Our opinion is that the County School Trustees had no authority to appoint a trustee after the two elections had resulted in a tie vote. Under the ruling in our opinion No. O-17, the trustee continues to hold his office until his successor has been legally elected and qualifies. There is therefore no vacancy in the office resulting from the expiration of the term of office. Nor would the fact that two elections have resulted in tie votes cause a vacancy to occur. As we have ruled in our opinion No. O-17, a tie vote in an election for a trustee for a common

school district merely has the effect under Article 2953, Vernon's
Annotated Civil Statutes, of rendering the election void and making
another election necessary. In our opinion, both elections resulting
in tie votes are void, and a new election should be called, as provided
in Article 2953, and should be conducted as directed in Articles 2745,
2746 and 2746a, Vernon's Annotated Civil Statutes. See our opinion
O-17.

We find no authority for the appointment of a trustee by the
County School Trustees, in this situation. Article 2747, Vernon's
Annotated Civil Statutes, provides for an appointment by "the county
board of education" only in case of a vacancy in the office; and in our
opinion no vacancy has occurred, since the incumbent continues to
hold the office until his successor has been properly elected and qual-
ifies. The attempt of the County School Trustees to appoint a trustee
is, therefore, in our opinion, without legal authority and void.

Your second question relates to the validity of a contract
entered into between two members of the district school board, in-
cluding the trustee whose term had expired, with a teacher for the
ensuing year. In this connection you make the following statement:

"Before the time of appointment of the trustee by the
County Board, a contract was entered into between two members
of the school board of the district, one whose term had not ex-
pired, and one whose term had expired, but no one had succeeded
him, with a teacher, and such contract was filed with the County
Superintendent. The third member of the school board, whose
term had not expired, did not join in the contract."

Your question is whether the trustee whose term had expired
and whose successor had not been elected and qualified, could lawfully
join in the making of such a contract.

Our opinion is that the trustee may lawfully continue to join
in such contracts until his successor has been elected. See our
Opinion No. O-04. Since both elections have been void, there is no
"newly elected trustee," and under our said opinion, the trustee may
continue to act until his successor has been lawfully elected, insofar
as such contracts are concerned.

Your third question relates to the attempted execution of
a contract by the person appointed by the County School Trustees,
and another trustee. In this connection you make the following state-
ment:

"After the appointment of the trustee by the County
Board of School Trustees, who was a different person,
and after his qualifying for such office, the new trustee
and the trustee who refused to join in the first contract
entered into a new contract with another teacher for the
same period of time; the contract was also filed in the
office of the County Superintendent."

Your third question in substance is whether Senate Bill No. 126 of the 47th Legislature, Regular Session, has any effect on the validity of the contract joined in by the trustee who holds over after the expiration of his term, in view of the attempted appointment of another trustee by the County Board of Education and the joining by this appointee in the execution of a contract with another teacher. Section 1 of Senate Bill 126, 47th Legislature, Regular Session, reads as follows:

"Section 1. That trustees of any Common School District or Consolidated Common School District shall have authority to make contracts for a period of time not in excess of two (2) years with principals, superintendents, and teachers of said Common School Districts or Consolidated Common School Districts, provided that such contracts shall be approved by the County Superintendent. No contract may be signed by the Trustees of Common School Districts or Common Consolidated School Districts until the newly elected trustee or trustees have qualified and taken the oath of office."

We have already expressed our opinion that the contract joined in by the trustee who holds over, is lawfully authorized. We agree with your conclusion that there is nothing in Senate Bill No. 126, Regular Session, 47th Legislature, which would affect our ruling in our Opinion No. O-04. The attempted appointment of the trustee by the County Board of Education being void, the attempted contract in which this appointee joined would be void. Senate Bill No. 126 contains substantially the same provisions as Article 2750a, Vernon's Annotated Civil Statutes, which was the basis of our Opinion No. O-04, and the changes in the language of the statute made by Senate Bill No. 126 do not affect our conclusion as applied to the situation set forth in your request.

We attach hereto copies of our Opinions Nos. O-04 and O-17.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ James P. Hart
James P. Hart, Assistant

JPH:EP:b
Approved Jul. 9, 1941
/s/ Grover Sellers
First Assistant Attorney General
ENCLOSURES
Approved
Opinion Committee
By BWB Chairman